W. H. BRACE COMPANY, Appellant, *v.* FRANK A. KRAFT et al., Respondents.

Injunction — damages — a counterclaim in an injunction suit cannot be included in the "damages" recoverable by the enjoined party under the bond given pursuant to the statute (Code Civ. Pro. § 611).

The word "damages," in section 611 of the Code of Civil Procedure, does not include a recovery upon an equitable counterclaim interposed in an injunction suit in which the defendant is the actor and occupies the position of plaintiff, but relates to damages which the enjoined party may be able to show that he has sustained by reason of the injunction under section 623, which provides for the ascertainment of such damages by the court or by a referee or by a writ of inquiry.

*Brace Co.* v. *Kraft*, 126 App. Div. 924, affirmed.

(Argued November 16, 1909; decided November 23, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 2, 1908, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Newton* for appellant.

*Vernon Cole* for Samuel L. Goldstein, respondent. The action brought, wherein the undertaking was given, was properly brought, and the preliminary injunction properly

issued, and there were no damages and costs within the purview of the undertaking recovered in any action by the Brace Company; hence there is no liability by the sureties on such undertaking. (*Gillet* v. *Bank of America*, 160 N. Y. 549; *Robertson* v. *O. E. Co.*, 146 N. Y. 20; *Coyne* v. *Weaver*, 84 N. Y. 390.)

*Frank Harding* and *Charles L. Bullymore* for Frank A. Kraft, respondent.

WILLARD BARTLETT, J.    This is an action at law against the sureties upon an undertaking given under section 611 of the Code of Civil Procedure.

In 1907 the plaintiff corporation commenced an action in the Municipal Court of Buffalo against William H. Leonard and Ristie N. Leonard to recover $180, which the plaintiff claimed as interest due upon a chattel mortgage covering certain furniture and fixtures contained in a hotel in Buffalo which the plaintiff had contracted to sell to the Leonards. Issue was joined in the Municipal Court by the service of an answer.    After the joinder of issue the Leonards began an equity suit in the Supreme Court against the W. H. Brace Company (the plaintiff herein), demanding judgment that the chattel mortgage should be canceled and set aside and also seeking therein to recover unpaid interest upon the chattel mortgage.    To procure an injunction in this equity suit it was necessary to give security, and accordingly Frank A. Kraft and Samuel L. Goldstein (the defendants in the present action) made and executed an undertaking whereby they jointly and severally undertook to and with the W. H. Brace Company that the Leonards, being the plaintiffs in the equity suit, would pay to the W. H. Brace Company, being the defendant therein, "all damages and costs which may be recovered by it in said action stayed by said injunction and also all damages and costs that may be awarded to it in this action in which the injunction order is granted, not exceeding the sum of one thousand dollars."    It is this undertaking upon which the present action is brought.

The W. H. Brace Company interposed an answer in the injunction suit denying the allegations of the complaint. For a further defense and counterclaim it set up the execution and delivery of the chattel mortgage and the default of the Leonards in making payment of the same and prayed for a decree of foreclosure. Upon the trial the defendant (the plaintiff herein) prevailed and judgment was rendered directing that the chattel mortgage should be foreclosed. There was a deficiency of $3,132.90 upon the foreclosure and judgment was docketed against the Leonards for that amount. Execution upon this judgment was returned wholly unsatisfied.

Section 611 of the Code of Civil Procedure requires that an undertaking upon an injunction to stay the trial of an action brought for money only must secure the party enjoined in two respects: (1) The payment of all damages and costs which may be recovered by him in the action stayed by the injunction; and (2) the payment of all damages and costs that may be awarded to him in the action in which the injunction order is granted.

The action stayed by the injunction in the present case was the Municipal Court suit for $180 interest on the chattel mortgage. No demand is made in the complaint in the present case for the recovery of that sum, so that phase of the case does not call for any further consideration. The sole claim of the plaintiff is to enforce the undertaking to the extent of $1,000, the amount specified therein, on account of damages and costs awarded to it in the action in which the injunction order was granted. No costs were awarded, so that feature is also eliminated. We have only to deal with the question of damages. The appellant contends that the amount of the deficiency judgment represents its damages under the last clause of section 611; but we think that this view involves an incorrect construction of the provisions of the Code relating to security upon injunction. The word "damages" in section 611 does not include a recovery upon an equitable counterclaim interposed in an injunction suit in respect to which counterclaim the defendant is the actor and

occupies the position of a plaintiff.   It relates to damages which the enjoined party may be able to show that he has sustained by reason of the injunction under section 623 of the Code of Civil Procedure which provides for the ascertainment of such damages by the court or by a referee or by a writ of inquiry.   The proceeding to ascertain such damages, whichever method may be adopted, is a proceeding in the action in which the injunction order is granted, and if any damages are awarded to the enjoined party they are awarded in that action, and hence fall within the precise phraseology of the last clause of section 611.   There was no effort to prove any damages by resort to the procedure prescribed by section 623, and, indeed, the trial court expressly found that the appellant derived a benefit from being enabled to obtain a speedy foreclosure of its chattel mortgage in the injunction suit.

Inasmuch as the proof does not show that the appellant has sustained any damages, there is no loss which the sureties can properly be compelled to make good under the contract contained in their undertaking.   The judgments below were, therefore, right and should be affirmed, with costs.

Cullen, Ch. J., Gray, Edward T. Bartlett, Haight, Werner and Chase, JJ., concur.

Judgments affirmed.